IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MONEC HOLDING AG,<br><br>                        **Plaintiff,**<br><br>      **v.**<br><br>HEWLETT-PACKARD COMPANY,<br><br>                        **Defendant.** | Civil Action No. _2: 08 cv 153_<br>             RAJ /FBS |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Monec Holding AG ("MONEC"), by and through its undersigned counsel, as and for its Complaint for patent infringement, unfair trade practices, monopolization and tortious interference with prospective business advantage (the "Complaint") against defendant Hewlett-Packard Company ("HP"), states as follows:

### THE PARTIES

1.     Plaintiff MONEC is a corporation organized and existing under the laws of Switzerland with a principal place of business in Berne, Switzerland. Through its investments, MONEC is in the business of developing and marketing equipment for the transmission of data to mobile electronic communication systems, managing and utilizing patents in this area and awarding licenses.

2.     Upon information and belief, Defendant HP is a Delaware corporation with worldwide headquarters in California and has regular and established businesses in Centreville, McLean and Falls Church, VA. Defendant has and is doing business throughout the United States and within this judicial district.

## JURISDICTION

3.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 271 et

seq. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c)

and 28 U.S.C. §§ 1400(b) as the Defendant is doing business in this judicial district.

## NATURE OF THE COMPLAINT

5.     This is an action for patent infringement, unfair trade practices, monopolization

and tortious interference with prospective business advantage.

## FACTS COMMON TO ALL COUNTS

6.     On January 1, 2002, United States Patent No. 6,335,678 (the " '678 Patent"),

entitled ELECTRONIC DEVICE, PREFERABLY AN ELECTRONIC BOOK, duly and legally

issued to Theodor Heutschl.  MONEC is owner by assignment of the '678 Patent and has the

exclusive right to enforce the '678 Patent against Defendant.  A true copy of the '678 Patent is

annexed hereto as Exhibit 1.

7.     MONEC's patent remains in force and if all maintenance fees are paid will expire

on February 26, 2018.

8.     Defendant HP is a large company with operations in the United States and is

engaged in the business of marketing an extensive array of electronic devices.  Upon information

and belief, HP is well aware of existing patents in this area and licensing requirements, and was

aware of U.S Patent No. 6,335,678 in particular.

9.     Upon information and belief, HP manufactures, markets and sells the HP Compaq

2710p Notebook PC ("HP Notebook").  The HP Notebook infringes one or more claims of the

'678 Patent, including independent claim 1.  The HP Notebook contains an internal WWAN

antenna, or HSDPA broadband wireless module operable to receive a GSM chip and to communicate with a GSM mobile network. The HP Notebook further has an integrated module with Bluetooth wireless technology. The HP Notebook has a stereo microphone and headphone/lineout and permits use with an integrated camera.

## COUNT 1

### Infringement of United States Patent No. 6,335,678

10.    Plaintiff repeats the allegations contained in Paragraphs 1 through 9 as though fully set forth herein.

11.    Upon information and belief, HP has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '678 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of its products and services, including, but not limited to, its HP Notebook, alone and/or in combination with other HP products and services, within this jurisdiction and elsewhere without license of the '678 Patent.

12.    Upon information and belief, HP's infringement of the '678 Patent has been and continues to be willful, entitling MONEC to enhanced damages pursuant to 35 U.S.C. § 284.

13.    As a result of HP's infringement of the '678 Patent, MONEC has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

14.    Unless an injunction is issued enjoining HP and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '678 Patent, MONEC will be irreparably harmed.

15.    MONEC has no adequate remedy at law.

16.     Upon information and belief, with full knowledge of the '678 Patent, HP willfully and wantonly infringed the '678 Patent in deliberate and intentional disregard of MONEC's rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT II

### Unfair Trade Practices

17.     Plaintiff repeats the allegations contained in paragraphs 1 through 16 as though fully set forth herein.

18.     HP's representatives have undertaken activities to tortiously interfere with MONEC's present and future business interest in derogation of the Virginia Antitrust Act, Va. Code Ann § 59.1-9, by infringing, contributing to the infringement of, and/or inducing the infringement of the '678 patent.

19.     HP's activities have tortiously interfered and caused injury to MONECs present and future business interest, by making, selling, using and/or offering for sale one or more of its products and services, including, but not limited to, its HP Notebook, alone or in combination with other HP products and services within this jurisdiction and elsewhere without license of the '678 patent.

20.     MONEC is entitled to a judgment that HP practices amount to a violation of Virginia Antitrust Act codified at Va. Code Ann § 59.1-9.1.

## COUNT III

### Tortious Interference with Prospective Business Advantage

21.     Plaintiff repeats the allegations contained in paragraphs 1 through 20 as though fully set forth herein.

22.     HP committed acts of tortious interference with the prospective business advantage of MONEC.

23.     By selling the HP Notebook which came within MONEC's right to exclude under the Claims of the '678 Patent, HP interfered with the prospective business relationships and/or contacts that rightfully belonged to MONEC's licensees.  By reason of this tortuous interference, MONEC and/or its licensees have suffered injury to their prospective business relationships with consumers, lost contracts for sales, lost royalties and accrued resultant damages in excess of the amount of Seventy-Five Thousand Dollars ($75,000).

### JURY DEMAND

Plaintiff demands a jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff MONEC prays for the following relief:

A.      that a judgment be entered declaring that HP has infringed, is infringing, has induced and is inducing, and has contributed and is contributing to the infringement of valid and enforceable U.S. Patent No. 6,335,678 (the "Patent in Suit");

B.      that HP, its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, who receive actual notice hereof, be preliminarily and permanently enjoined from further infringement, inducing infringement, and contributing to infringement of the Patent in Suit;

5

C.      that damages be awarded in favor of MONEC and against HP sufficient to fully compensate MONEC for HP's infringement of the Patent in Suit, including lost profits and/or reasonable royalties, and an assessment of prejudgment interest and post-judgment interest;

D.      that a judgment be entered finding HP's infringement of the Patent in Suit to be and have been willful, justifying an award of enhanced damages pursuant to 35 U.S.C. § 284;

E.      that a judgment be entered trebling the compensatory damages due MONEC;

F.      that an order be entered declaring that this action is an exceptional case under 35 U.S.C. § 285 and that MONEC is entitled to recover its reasonable attorneys' fees, costs and expenses upon prevailing in this action and other relief both legal and equitable to which it may be justly entitled;

G.      that an order be entered: (1) directing HP to file with this Court and serve upon MONEC within 30 days of service of the injunction, a report, in writing and under oath, setting forth in detail the manner in which HP has complied with the injunction and any further orders of the Court; (2) directing HP to account for all gains, profits, benefits and monies realized as a result of its wrongful conduct; and (3) upon production of such accounting, rendering judgment against HP for the amount shown due and the cost of accounting;

H.      that a judgment be entered declaring that HP has engaged in unfair trade practices under Va. Code Ann. § 59.1-9;

I.      that an order be entered restraining HP from engaging in such unfair trade practices;

J.      that MONEC be awarded damages, including lost royalties, costs, expenses, prejudgment interest and attorneys fees under Va. Code Ann § 59.1-9.8; and

K.    Such other and further relief as the Court deems just and equitable.

Respectfully submitted:

By: _____

Joseph D. Wilson (VSB # 43693)
KELLEY DRYE & WARREN LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007
(202) 342-8400 (phone)
(202) 342-8451 (fax)
Email:  jwilson@kelleydrye.com

*Attorneys for Plaintiff MONEC Holding AG*

<u>Of Counsel</u>:
Steven J. Moore, Esq.
Delphine W. Knight Brown, Esq.
Kelley Drye & Warren LLP
400 Atlantic Street
Stamford, Connecticut  06901
(203) 324-1400 (phone)
(203) 327-2669 (fax)
Email:  smoore@kelleydrye.com
        dkbrown@kelleydrye.com

Dated: April 2, 2008